THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BELLE BAJAN, Appellant.

First Department, December 20, 1940.

*Benj. J. Jacobson* of counsel [*Sydney Rosenthal* with him on the brief, attorney], for the appellant.

George G. Hunter, Jr., Deputy Assistant District Attorney, of counsel [Thomas E. Dewey, District Attorney], for the respondent.

TOWNLEY, J. Defendant was accused of stealing a pair of gloves and a hat in R. H. Macy's department store. She claims that she had purchased the gloves two days before, and the hat three days before the arrest and that she had brought both articles and some ties back to exchange them. She said that, being unable to find suitable gloves, she tried to get an exchange slip enabling her to apply the amount toward any article in the store. She said that not finding a hat to her liking, she was trying to exchange it. She denied all the testimony of the plaintiff's witnesses. The trial justices disbelieved her explanation and accepted the testimony of the detectives and employees of the store.

Defendant's conduct in the store was so peculiar that it would extend this opinion far beyond reasonable limits to attempt to describe it. She was in the store for more than two hours. She engaged in a series of maneuvers tending to place her in a position where if her possession of the stolen articles was challenged she could claim to have been engaged in an innocent exchange transaction. The clearest testimony concerns the gloves.

Detectives watched the defendant approach the glove counter and select a pair of gloves. She examined them and folded them up and placed them behind a paper bag. Then she went to the center of the counter, addressed a sales person and pointed to a pair of gloves of similar leather and asked a question which caused the sales person to refer her to another part of the counter. Defendant then walked to the other side of the counter. While she was behind the crowd, she placed the gloves in a small paper bag. Then she approached the sales clerk on the other side of the counter and was shown some gloves in black kid. Then she took the gloves which she had in the paper bag out of the paper bag and placed them on top of the paper bag on the counter, while the clerk showed her these kid gloves. She did not buy any gloves and the clerk left her. Then she picked up her paper bundles and the gloves and put them back in the paper bag. She was later found with a pair of black suede gloves. If this testimony is believed, it is obvious that the defendant stole a pair of black suede gloves and did everything she could to make it look as if she brought them into the store and was exchanging them.

There was also testimony that she stole a hat, using the same technique but with more elaboration of detail. Two detectives who followed her during the entire time she was in the store gave testimony which clearly established her guilt. The stolen hat was found in her possession when she was arrested as she was

leaving the store. Her entire conduct while in this store was not that of an innocent customer but that of one who, through confusion of acts, was attempting to avoid detection. Her previous good character and the rather insignificant value of the articles stolen constitute no answer to the charge made. Experience unfortunately demonstrates that crimes of this sort are frequently committed by people in good circumstances whose general conduct is without fault. The triers of the facts were fully warranted in concluding that defendant's guilt was proven beyond a reasonable doubt.

The judgment of conviction should be affirmed.

MARTIN, P. J., and O'MALLEY, J., concur; DORE and COHN, JJ., dissent and vote to reverse and dismiss the information.

DORE, J. (dissenting). Defendant appeals from a judgment of conviction of petit larceny rendered against her in the Court of Special Sessions upon a finding of guilty by two of the associate justices, the presiding justice dissenting and voting to acquit. Defendant was sentenced to the workhouse for thirty days but execution of the sentence was suspended. So far as the facts relating to the act of shoplifting were concerned, the conviction was secured on the uncorroborated testimony of store detectives.

The affirmance of this judgment of conviction seems to be based upon the premise that the defendant's conduct was " peculiar." In our opinion, after a careful examination of the record, defendant's conduct was " peculiar " only in the sense that no one who was in fact a shoplifter would have acted as she did. It is wholly incredible that a shoplifter with criminal intent, who had successfully taken an article or articles from the counter of a store, and had concealed them in a bag on her person, would later extract the articles from their safe hiding place, take them out of the bag in the same store and display them to a salesclerk. Would any shoplifter after stolen articles had been twice safely secreted and twice taken from their hiding place display them again to a section manager of the department store from which they had been stolen?

Defendant's actions were consistent with innocence rather than with guilt. A thief would remain as far as possible away from a section manager's desk when the pilfered articles had been safely secreted on her own person. The story of the store detectives is inherently improbable and indicates that their apprehension of the defendant was based upon suspicion rather than proof. Defendant's story is corroborated in part by the testimony of a disinterested witness, Mr. Baroff, and the testimony of her husband. Her character was vouched for by disinterested witnesses. There

was no prior record or conviction of any kind. She stated, without contradiction, that she had been dealing with the same store for twenty years.

Defendant is a married woman of unblemished record, with two children, one twenty-two years and the other twenty-three years of age. On the sentence, the trial court indicated that, from the certificates of character received from many persons of standing and respect in the community, it was convinced of defendant's excellent character and reputation.

In *People* v. *Marcus* (236 App. Div. 93), this court, by MARTIN, J. (now Presiding Justice), said:

"We do not say we will not affirm a conviction obtained on the testimony of detectives. We do say, however, that when evidence presents such a grave doubt as is here shown or when an analysis thereof shows that it is incredible, we will not sustain a conviction on such evidence.

"In addition, if good character amounts to anything, it should be given consideration in a case of this kind. Here, we have the case of a young woman of good character; never before convicted of any crime whatever, who has been employed as secretary in her present position for three years. She is certainly entitled to the benefit of the doubt as to her guilt which is the inevitable conclusion reached after reading the testimony in this case."

On all the evidence and the reasonable inferences flowing therefrom, defendant's guilt was not proved beyond a reasonable doubt.

The judgment of conviction should be reversed and the information dismissed.

COHN, J., concurs.

Judgment affirmed.